Submitted on briefs May 24, reversed and remanded July 5, 1921.

## KELTY *v.* FISHER ET AL.

(199 Pac. 192.)

**Stipulations—Defendant Might be Relieved from Stipulation for Mistake Where Claimant had not Proceeded.**

1. Where a physician filed claims for medical services rendered to two decedents, who were closely related, and died together of influenza, and counsel for the administrators suggested that the two causes be tried together but was misunderstood by counsel for the physician, who took the agreement that the same verdict should be rendered in each case, the administrators should be relieved from the stipulation, where it was apparent that counsel misunderstood each other and claimant had taken no steps towards trial.

From Lake: GEORGE G. BINGHAM, Judge.

In Banc.

H. E. Kelty, a physician and surgeon, presented to Clay T. Fisher and S. O. Cressler, as administrators of the estate of George Syron, deceased, a claim for $300 for medical services rendered to Syron during his last sickness. The administrators rejected the claim; and the claimant then presented his claim to the county judge, who allowed $237.50, and the administrators then appealed to the Circuit Court, where a judgment for $175 was subsequently rendered in favor of the claimant. The administrators appealed to this court.

The opinion this day rendered in *H. E. Kelty v. Clay T. Fisher and S. O. Cressler, as Administrators of the Estate of Johnnie B. Fisher, Deceased,* contains a statement of most of the facts which are material to this, the Syron case. The attorneys for the respective parties to the Fisher case were also the attorneys for the respective parties to this, the Syron case. It is explained in the opinion rendered in the Fisher case that in order to avoid two trials an at-

tempt was made to enter into such a stipulation as would accomplish the desired result. The claimant contended that the alleged oral stipulation provided that the Fisher case should be tried alone and that whatever verdict might be returned by the jury in that case should be adopted also as a verdict returned in the Syron case. The administrators insisted that the parties stipulated that the two cases were to be consolidated, and that therefore they were to be tried upon all the facts connected with the two sick men. The trial court had the same understanding of the stipulation as was had by the claimant; and accordingly the trial court required the Fisher case to be tried alone, and when a verdict was received in the Fisher case the trial court adopted that verdict as a verdict in the Syron case and entered a judgment against the administrators of the Syron estate. The administrators appealed.

REVERSED AND REMANDED.

For appellants there was a brief over the name of *Mr. O. M. Corkins.*

For respondent there was a brief over the name of *Messrs. Hay & Gibbs.*

HARRIS, J.—The foregoing statement and the narrative found in the opinion rendered by us in the Fisher case should be supplemented by a further explanation of the circumstances attending the supposed stipulation. The jury-box had been filled preparatory for the *voir dire* and a request for written instructions had been made when the court said:

"Something has been said about a consolidation of these two cases, the Johnnie B. Fisher case and the Syron case—trying them together."

Mr. Welch (one of the attorneys for the administrators) then said:

"If the court please, the two cases, that of Dr. H. E. Kelty against the administrators of the estate of Johnnie B. Fisher and the case of the administrators of the estate of George Syron, deceased, against Dr. H. E. Kelty, are identically the same, with the exception of the names of the decedent, therefore we would like to enter a stipulation to the effect that the two cases be consolidated and tried together, the judgment in one to stand as the judgment in the other."

The record continues and reads as follows:

"Mr. Hay [one of the attorneys for the claimant]: Is that to be considered a stipulation?

"Court: Mr. Welch has made the stipulation that—

"Mr. Hay: That the judgment in the one case shall stand for the judgment in both cases—the verdict in the one case of Dr. H. E. Kelty against the administrators of the estate of George W. Syron shall stand as the verdict in the case of Dr. H. E. Kelty against the administrators of the estate of Johnnie B. Fisher.

"Mr. Corkins [An attorney for the administrators]: I expect we had better try the Johnnie B. Fisher case instead of the Syron case.

"Mr. Hay: No objection; both are practically identical.

"Mr. Welch: Simply a matter of picking the case, that's all.

"Court: The stipulation is that the same verdict shall be recorded in the second case as in the first, the verdict of the jury. One verdict shall stand as the verdict in both."

The *voir dire* examination of the prospective jurors having been completed and twelve qualified persons having been accepted, they were sworn to try the case as jurors and the trial proceeded. One of the attorneys for the claimant made an opening statement to the jury. Mr. Corkins informed the court that "we

will waive an opening statement" and then continued as follows:

"I don't know that I understand fully the purport of this stipulation—was it that the two cases be consolidated and tried together, that the evidence in this case could apply as the evidence in the other? They are seen to be identical except for the names of the persons. And that the verdict in this one should be entered as the verdict in the other case with a change of names only—it is my understanding—it is my guess."

At this point one of the attorneys for the claimant interrupted and among other things he said: "That is not what he stipulated."

It is not necessary to give a complete account of what was subsequently said by the respective attorneys and the court, for it is sufficient to say that the court explained to the parties that he understood that the parties agreed "to try this one case and then the verdict entered as the verdict in the other case"; and the court held that the stipulation as so understood "will have to stand now."

It is plain that the parties misunderstood each other; and it can be readily seen by a reading of the transcript how easy it was for the attorneys for the administrators to understand that the stipulation provided for a consolidation of the two cases and one trial and one verdict; and it can likewise be readily seen how easy it was for the attorneys for the claimant to understand that the stipulation went no further than the words repeated by Mr. Hay:

"That the judgment in the one case shall stand for the judgment in both cases—the verdict in the one case of Dr. H. E. Kelty against the estate of George W. Syron shall stand as the verdict in the case of Dr. H. E. Kelty against the administrators of the estate of Johnnie B. Fisher."

1. There was ample reason for the trial judge to have the understanding expressed by him. It is clear that all concerned were acting in good faith; but it is equally clear that they did not understand each other and that the misunderstanding became known to all before any evidence was offered. Nothing had occurred to place the claimant at a disadvantage. His position was not altered or modified or affected in the slightest degree. The reversal of the judgment rendered in the Fisher case necessarily compels a reversal of the judgment in the instant case, even though it be assumed that the parties entered into a binding stipulation. But regardless of the disposition made of the Fisher case, the judgment in the instant case must be reversed for the reason that, in the attending circumstances, the administrators should have been released from any stipulation that may have been entered into.

When it became known that the parties misunderstood each other, the court should have required them then and there to come to a definite and unequivocal understanding; or in case of their inability to agree, the court should have annulled the supposed stipulation and released the administrators from it: 36 Cyc. 1293, 1294.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion. REVERSED AND REMANDED.