Argued April 4, reversed July 24, 1968

AUSMAN, *Respondent and Cross-Appellant, v.*
EAGLE FIRE INSURANCE COM-
PANY, *Defendant,*
and
ST. PAUL FIRE AND MARINE INSUR-
ANCE COMPANY, *Appellant and Cross-
Respondent.*
444 P. 2d 18

*George M. Joseph,* Portland, argued the cause for appellant and cross-respondent. With him on the briefs were Morrison & Bailey and Robert H. Hollister.

*David W. Harper,* Portland, argued the cause for respondent and cross-appellant. On the briefs were Keane, Haessler, Bauman and Harper and Donald H. Pearlman.

Before Perry, Chief Justice, and Sloan, Goodwin, Denecke and Lusk, Justices.

LUSK, J.

This is an action on a policy of automobile liability insurance in which the plaintiff recovered a judgment for the sum of $15,963.70, interest and costs, against the defendant St. Paul Fire and Marine Insurance Company. St. Paul has appealed and plaintiff has cross-appealed.

The complaint, as initially filed, contained a cause of action against Eagle Fire Insurance Company to recover $5,000 upon a policy of liability insurance issued by that company, but after the action was instituted Eagle paid the plaintiff $5,000 and the plaintiff dismissed his action against Eagle.

The facts, so far as necessary to be stated, are as follows: Plaintiff was injured in a collision with an automobile driven by one Frank C. Brierley and recovered a judgment for bodily injury against Brierley in the sum of $20,870 and costs. Brierley had obtained the car he was driving at the time of the accident from Damerow Ford Company. Damerow was covered by a comprehensive policy of liability insurance issued by St. Paul. This is the policy upon which the present action was brought. Plaintiff contended that the car driven by Brierley was loaned to him by Damerow and, therefore, that the coverage of that policy extended to Brierley. Defendant contended that Brierley bought the car from Damerow. If this were so, there would be no coverage.

At a pretrial conference the parties agreed to try this issue to a jury and, after it had been decided, that any remaining issues of law and fact should be deter-

mined by the court. The jury found, in answer to special interrogatories, that Damerow did not sell the car to Brierley and that Brierley was driving the car with Damerow's permission at the time plaintiff sustained his personal injury.

■ Much of the argument has been upon the contention of the defendant that the evidence does not support the verdict. We need not determine that question, for we are of the opinion that plaintiff is precluded from recovery by a provision in the St. Paul policy limiting its liability. This question was raised by the defendant, pursuant to the pretrial agreement, at a session of the court subsequent to the return of the verdict. The trial court ruled against the defendant and the question is properly before this court.

The policy provides:

"COVERAGE A—BODILY INJURY LIABILITY—AUTOMOBILE: To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, and arising out of the ownership, maintenance or use of any automobile."

Attached to the "shell" policy, as it is called, are a number of endorsements covering "GARAGE LIABILITY." By endorsement C (2) (a) and (b), amending the definition of an insured in the "shell" policy, it is provided:

"C * * *

"(2) * * *

"(a) Any employee, director or stockholder of the named insured, such employee, director, stockholder or

partner while using, with the permission of the named insured, an automobile to which insurance applies under Paragraph (a) (i) or (b) of the Automobile Hazard, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission,

"(b) Any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person; * * * ."

Brierley came within the class "any other person," assuming he was covered at all. With reference to such coverage the following limitation of liability is stated in endorsement "I":

"Provided that with respect to a person described as insured under paragraph C (2) (b) of Persons Insured and any person or organization legally responsible for the use of the automobile by such person, other than the named insured and any person or organization described in paragraph C (2) (a) of Persons Insured,

"(i) the applicable limit of the company's liability shall be the amount by which (1) the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state in which the automobile is principally garaged exceeds (2) the sum of the applicable limits of liability under all other valid and collectible insurance available to the insured, * * * ."

The Eagle policy was offered in evidence by the defendant, but excluded on objection of the plaintiff, and the only evidence of its contents in the record is that its coverage was $5,000 for one person for bodily injury, $10,000 for one accident or occurrence, and $5,000 for property damage.

At the time involved the minimum limit of liability for bodily injury to one person in any one accident specified in the financial responsibility law of this state was $5,000: ORS 486.011 (7).①

■■ Five thousand dollars does not exceed the applicable limits of liability under the Eagle policy and, since Eagle paid the plaintiff $5,000, its insurance was incontestably valid, collectible and available to the insured. Plaintiff contends here, as he did in the trial court, that the payment was not solely upon the judgment for bodily injury, but included property damage and other claims. The trial court held otherwise and expressly found that the payment was upon the judgment for $20,870 against Brierley. In this we think the trial court was right. There is no evidence to support the plaintiff's contention, but only a statement of counsel for the plaintiff. After the $5,000 payment was made St. Paul filed a supplemental answer in which it alleged:

"That heretofore and on or about December 31, 1965, the plaintiff received and accepted the sum of $5000.00 of and from Frank C. Brierley and/or the Eagle Fire Insurance Company as the insurance carrier for the said Frank C. Brierley as payment upon the said judgment for $20,870.00 obtained by the plaintiff Richard Ausman against the said Frank C. Brierley."

---

① The amount was increased to $10,000 by the 1967 Legislative Assembly, but the Act did not take effect until July 1, 1968, Oregon Laws 1967, ch 143, §§ 1 (7) and 7.

The plaintiff filed no reply and so the foreging pleading stands admitted. The reference in that pleading (and as well in the judgment of the court) to Frank C. Brierley may be properly disregarded, as the only evidence on the subject shows that it was Eagle Fire Insurance Company that paid the money.

The question, therefore, is what effect must be given to the limitation of liability in the St. Paul policy.

■■ We do not have here a question of asserted repugnacy between the provisions of two insurance policies as, for example, in *Sparling v. Allstate Ins. Co.,* 249 Or 471, 439 P2d 616, as the only evidence of the contents of the Eagle policy is that which has already been stated. The authorities hold, apparently without dissent, that either an escape clause or an excess clause is valid and effective where one policy contains such a provision with respect to "other insurance," and the other policy does not provide in any way for other insurance. As to escape clauses, see *Penn v. National Union Indemnity Co.,* 68 F2d 567 (5th Cir); *Bankers Life Co. v. Union Automobile Indemnity Ass'n,* 326 Ill App 83, 61 NE2d 577; *Avery v. American Automobile Ins. Co.,* 350 Mo 395, 166 SW2d 471; *Davy v. Merchants Mut. Cas. Co.,* 97 NH 236, 85 A2d 388; *American Employers' Ins. Co. v. Liberty Mut. Ins. Co.,* 93 NH 101, 36 A2d 284. As to excess clauses, see *St. Paul-Mercury Indemnity Co. v. Martin,* 190 F2d 455 (10th Cir); *Central Surety etc. Corp. v. London etc. Co.,* 181 Wash 353, 43 P2d 12; *Manufacturers Cas. Ins. Co. v. Great American Ind. Co.,* 91 FS 18 (E. D. Pa.); *State Farm Mut. Auto Ins. Co. v. Hall,* 292 Ky 22, 165 SW2d 838; *General Motors Acceptance Corp. v. Keran,* 314 Ill App 320, 41 NE2d 211. See, also, 38 Minn Law Rev 838, 847-848. The basis of the decisions is simply that

an insurance company is entitled to have its contract enforced as it is written.

■ A further contention of the plaintiff will be noticed. It is argued that Brierley was covered under C (2) (a) of the endorsements above quoted because George R. Francis, an employee of Damerow, who represented Damerow in lending the car to Brierley was using the car with the permission of Damerow at the time Brierley drove it into collision with the plaintiff and that Brierley was a "subpermittee" of Francis. Plaintiff says the parenthetical phrase in the clause of C (2) (a) "provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission," supports his interpretation of the evidence. We think the premise is bad. It was the corporation, not Francis, which let Brierley have the car. Francis was merely the agent of the corporation in the transaction, and neither as operator nor in any other capacity did he have "actual use" of the car.

Plaintiff cites *United States Fidelity and Guaranty Co. v. Drinkard*, 254 FS 867 (W.D. Va.). In that case the president and sole stockholder of a Ford agency corporation ordered an automobile for his daughter and gave it to her for her own use, though the title remained in the name of the corporation. An accident occurred when the car was being driven by a friend of the daughter with the latter's permission. The Ford agency had a liability insurance policy which extended coverage to "any other person or organization to whom the Named Insured furnishes automobiles for their regular use." The policy further included under "Persons Insured" "any person while using such automobile with the permission of the person or organization to whom such automobile is furnished". The question was

whether the daughter's friend was covered and the court held that, obviously, he was under the terms of the policy. The insurance company's chief argument was that the permission given by the daughter to use the car was not binding because she was a minor and the court rejected that contention. A mere statement of the facts of the case discloses that it is not in point.

We hold that the limitation of liability in the St. Paul policy is valid and binding and a complete defense to this action. In view of this conclusion the questions raised by the plaintiff's cross-appeal have become academic.

The judgment is reversed and the circuit court is directed to enter judgment for the defendant.