Argued September 13, reversed and remanded October 20,
petition for rehearing denied by opinion
December 30, 1971

GOWANS ET UX, *Appellants, v.* NORTHWESTERN
PACIFIC INDEMNITY COMPANY,
*Respondent.*

489 P2d 947
491 P2d 1178

*Gerald R. Pullen,* Portland, argued the cause for appellants. With him on the brief was Martin J. Howard, Portland.

*Edward H. Warren,* Portland, argued the cause for respondent. With him on the brief were Hershiser, Mitchell & Warren, Portland.

Before O'CONNELL, Chief Justice, and MCALLISTER, HOLMAN, TONGUE and HOWELL, Justices.

TONGUE, J.

This is an action against an insurance company under a policy insuring for "loss by theft" to recover money paid by the insured as a reward for the return of stolen jewelry covered by the policy.

Defendant admitted the theft of the jewelry and payment of the reward for its return, but denied that plaintiffs were entitled to recover the amount of that payment as a "loss by theft." It is stipulated that both the value of the stolen jewelry and the amount of the reward paid for its return were in excess of the $2,000 limit of the coverage provided by the insurance policy.

The case was tried before the court, sitting without a jury. Plaintiffs appeal from an adverse judgment based upon the conclusion that the money paid

by plaintiffs as a reward for recovery of the stolen jewelry was paid voluntarily and with knowledge that defendant would not participate in offering such a reward and was not a "loss by theft" under the terms of the policy.

Neither party has cited any case directly in point and we have found none. We must, therefore, examine this insurance policy to determine whether plaintiffs' claim is within its coverage.

In doing so we must apply the rule that if the terms of an insurance policy are clear and unambiguous the insurance company is entitled to have it enforced as written (*Ausman v. Eagle Fire Ins. Co.*, 250 Or 523, 530, 444 P2d 18 (1968)), but that if the terms of an insurance policy are ambiguous, any reasonable doubt as to the meaning of such terms will be resolved against the insurance company and in favor of the insured. *Farmers Mut. Ins. Co. v. United Pac. Ins. Co.*, 206 Or 298, 305, 292 P2d 492 (1956).

■ In our view, the term "loss by theft" is legally ambiguous in that, depending upon the intent of the parties in the use of that term, it can be given either a narrow meaning, so as to be limited to the value of the property stolen, or a broad meaning, so as to extend to all loss resulting from theft of the insured property.

In the absence of any evidence to the contrary, we are constrained to hold that at least a reasonable doubt exists whether by the use of that term the parties intended to adopt such a narrow and limited meaning, rather than such a broad and liberal meaning, and we therefore must resolve that doubt in favor of the insured.

■ It is an established rule of insurance law that where a peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and final loss, produces the result for which recovery is sought, the insured peril is regarded as the proximate cause of the entire loss. 5 Appleman, Insurance Law and Practice 309, § 3083.

■ It is our opinion that in this case the payment by plaintiffs of a reward for recovery of their jewelry was a natural and direct consequence of the theft of the jewelry and followed naturally, although indirectly, from that act under the facts of this case and in the absence of evidence to the contrary. It is also our opinion, under these facts, that the dominant cause of the loss incurred by plaintiffs as a result of the payment of that reward was the theft of the jewelry. Accordingly, we hold that plaintiffs are entitled to recover that amount from defendants as the measure of their "loss" from the theft of their jewelry.

■■ If stolen goods are later recovered, but damaged, the expense incurred by the insured to restore them to their former condition is ordinarily recoverable, although specific policy provisions may be controlling in such cases. See 15 Couch, Insurance 2d 464, § 54:243, and *Housner v. Baltimore-American Ins. Co.,* 205 Wis 23, 236 NW 546 (1931). Similarly, the expense incurred by the insured in recovering stolen goods is also ordinarily recoverable, although, again, specific policy provisions may be controlling. See 6 Appleman, Insurance Law and Practice 243, § 3885, and *Alamo Casualty Co. v. Laird,* 229 SW2d 214, 218 (Tex Civ App 1950). For the same underlying reasons, it is our opinion that when stolen goods may be recovered by

the advertisement of a reward, as in this case, the expense incurred by the insured in the payment of such a reward is a "loss by theft," in the absence of specific policy provisions to the contrary.

It is reasonable to infer in this case that plaintiff would not have recovered the jewelry if the reward had not been offered and paid, so as to require the company to pay $2,000 to plaintiff for such an admitted "loss by theft." It follows, in our judgment that upon payment of the reward and recovery of the jewelry plaintiff suffered a "loss by theft" to the extent that the reward paid was within the coverage limits.

That the reward was offered by defendant with knowledge that the company would not participate also provides no defense, in our judgment, at least where, as in this case, there is no contention that the amount paid was an unreasonable amount. Indeed, it was stipulated that the value of the goods exceeded the amount of the reward and that the amount of the reward exceeded the limits of the insurance coverage. Similarly, the fact that an insurance company refused to pay the expense of repairing or otherwise recovering stolen goods, with the result that such expense was paid "voluntarily" by the insured, would provide no defense in such a case, at least in the absence of contention that the amount paid was not a reasonable amount.

The trial judge, in holding to the contrary, relied upon *Oppenheimer v. Baker & Williams*, 225 App Div 58, 232 NYS 5 (1928), one of the two cases cited by plaintiffs. We have read that case and do not consider it to be directly in point. That decision was based primarily upon an interpretation and application of

the rights and duties of the insured under a "sue and labor clause" of the policy involved in that case. Such a clause was not included in the policy here under consideration.

We have also considered the provision of this policy relating to expenses incurred by the parties in the event of the recovery of property *after* settlement of a loss. We conclude that it has no application in this case, but that, if anything, it confirms the result of this decision.

Defendant's brief on the appeal of this case has cited no cases on the merits of this issue, but relies solely on the contention that in the appeal of this case plaintiffs, instead of filing a transcript of testimony, elected to file a "narrative statement" under the provisions of ORS 19.088 and in that statement stipulated, among other things, that payment of the reward did not constitute a "theft loss" under the policy of insurance.

Prior to the argument of this appeal plaintiff's attorneys filed a motion to strike that particular paragraph from the narrative statement upon the ground that it was included by inadvertence and mistake. By affidavit they would excuse such inadvertence by the statement that the "narrative statement" consisted of a copy of the "findings of fact" by the trial judge, in which he had improperly included such a statement, although properly constituting a "conclusion of law," rather than "a finding of fact."

Although we do not condone such carelessness by counsel, we have previously held that in the interests of justice this court may, in its discretion, relieve a party from the consequences of a stipulation entered

into through mistake or inadvertence. See *Kelty v. Fisher et al,* 101 Or 122, 126, 199 P 192 (1921). See also *City of Salem v. Trussell,* 3 Or App 465, 474 P2d 371 (1970), and *Johnson v. Northwest Acceptance,* 259 Or 1, 485 P2d 12 (1971).

For all of these reasons, the judgment of the trial court is reversed and this case is remanded with instructions to enter judgment in favor of plaintiffs in the sum of $2,000.

O'CONNELL, C. J., dissenting.

It is my opinion that money paid by the insured as a reward for the return of the stolen property covered by the policy does not constitute a "loss by theft." I do not think that it is reasonable to construe the policy as binding the insurer to pay an amount of money which would be left entirely to the discretion of the insured and which he might fix on the basis of factors having no objective standard. Thus, the insured might offer a large reward because the stolen property had a sentimental value to him.

Since the insurer is obligated to pay for the loss by theft, it would be more reasonable to assume that the insurer rather than the insured would have the right to decide whether it wished to attempt to recoup its loss by offering a reward.

I would adopt the view taken by the trial judge and affirm the judgment.

**ON PETITION FOR REHEARING**

Before O'Connell, Chief Justice, and McAllister,[*] Denecke, Holman, Tongue, Howell and Bryson, Justices.

### TONGUE, J.

Defendant has petitioned for a rehearing, primarily upon the ground that our opinion in this case did not discuss and rule upon defendant's contention that the record on appeal in this case was fatally defective for the reason that plaintiffs failed to file a statement of the points on which they intended to rely (as required by ORS 19.074), and instead stated that defendant relied solely on the contention that plaintiffs filed a "narrative statement" of the facts (as provided by ORS 19.088) which stipulated that payment of the reward did not constitute a "theft loss."

It is true that on this appeal defendant relied upon both of these contentions and that our opinion should have so stated. At the time of argument, however, counsel for defendant was asked whether defendant contended that it was prejudiced in any way and whether defendant contended that any part of the record omitted by plaintiffs was needed by defendant for a proper consideration of the case on the merits. Defendant's counsel then frankly stated that defendant made no such contentions, but nevertheless contended that in the absence of such a "statement of points" the record on appeal was "fatally defective." Without waiving that contention, he then proceeded to argue the merits of the case.

The sole question presented for decision on the merits in this case was whether, under facts stipu-

---

[*] McAllister, J., did not participate in this decision.

lated by the parties, the payment of the reward constituted a "loss by theft" under the policy of insurance. That was also the sole issue presented for decision by the trial court and was obviously the sole and only "point" relied upon by plaintiffs on this appeal. Thus, plaintiffs' sole assignment of error was that "the Court erred in concluding as a matter of law that the money paid by plaintiffs as a reward for the recovery of stolen jewelry, did not constitute a 'loss by theft' under the insurance policy."

■ Defendant is correct in the statement that when, as in this case, an appellant's "designation of record" on appeal does not include the entire record, ORS 19.074 then provided that he shall file "a plain and concise statement of the points on which he intends to rely" and "may rely on no other points than those set forth in such statement."[1] When, however, as in this case, the appeal presents only one obvious point for decision and no claim of prejudice is made by respondent, this court has ample power to proceed with a determination of that point on its merits.

■ The failure to file a proper "statement of points" under ORS 19.074 is not jurisdictional. ORS 19.033. It is also provided by ORS 19.108(1) that:

> "When it appears to the court to which the appeal is made that the record is erroneous or incomplete in any particular substantially affecting the merits of the appeal, on motion of a party or on its own motion the court may make such order to correct or supplement the record as may be just or may dismiss the appeal if the error or omission is without reasonable excuse."

[1] This appeal was filed prior to the effective date of 1971 amendments, which deleted these provisions from ORS 19.074, but added similar provisions to ORS 19.029 as requirements for the notice of appeal. Oregon Laws 1971, ch 565, §§ 6 and 8.

It will be noted that this statute provides for relief even as to matters "substantially affecting the merits of the appeal."

When the defect in the record on appeal in this case was called to plaintiffs' attention as the appellants in this case by the filing of defendant's brief as respondent, plaintiffs should have filed a motion to correct the record by the filing of a proper "statement of points," as in *Wynn v. Sundquist*, 259 Or 125, 485 P2d 1085 (1971), as cited by defendant. Under the circumstances of this case, however, and under the authority conferred on this court by ORS 19.108(1), we consider the assignment of error in appellants' brief to be a satisfactory statement of the single and obvious point relied upon by plaintiffs on appeal of this case.

Defendant says that to permit plaintiffs to "disregard with impunity" the provisions of ORS 19.074 would "provide a boon to those who ignore the law and a bane to those who hazard to rely upon it." We do not condone plaintiffs' failure to follow the plain and simple requirements for preparation of the record on this appeal.

■ Instead, and because of plaintiffs' failure to do so, we hold that their attorneys may not claim reimbursement for costs incurred on this appeal, as we have occasionally held in cases involving the failure of attorneys to comply with the statute and rules of the court relating to records and briefs on appeal. Cf. *Wynn v. Sundquist, supra,* at 1345.

■ Defendant is also correct in contending that the purpose of ORS 19.074(2)(b) is "to advise the respondent at an early date of the appellant's position on appeal so that the respondent can determine whether or not the record containing less than the

entire testimony is an adequate record for the purpose of decision of the appeal." As previously noted, however, in this case there was obviously only one question or "point" to be decided on this appeal and defendant admitted on argument that the record was sufficient for decision of that single question presented for decision and that defendant was not prejudiced in any way.

Defendant also says that upon receiving plaintiffs' brief it was "in a dilemma" in that "if the respondent intended to rely upon the provisions of ORS 19.074 the respondent was precluded from filing a brief on the merits." If, however, counsel for defendant had cared to do so, it could have included in its brief as respondent an argument on the merits of that question without waiving its contention that plaintiffs were not entitled to rely on that assignment of error, just as they proceeded to do at the time of oral argument.

Defendant also cites *Freedman v. Cholick et ux,* 233 Or 569, 577, 379 P2d 575 (1963), in which we declined to consider a point not included in a "statement of points" and *State v. Gilmore,* 236 Or 349, 388 P2d 451 (1964), to the same general effect. Those cases, however, involved quite different facts.

Defendant's petition for rehearing also contends that this court erred in its decision on the merits of this case. For reasons stated in our previous opinion, we reaffirm that decision.

The petition for rehearing is denied.