GOODYEAR RUBBER & SUPPLY, INC.,
an Oregon Corporation,
Plaintiff-Appellant,

v.

GREAT AMERICAN INSURANCE CO., a
New York Corporation,
Defendant-Appellee.

No. 74–3125.

United States Court of Appeals,
Ninth Circuit.

Nov. 11, 1976.

Rehearing Denied Dec. 22, 1976.

Patric J. Doherty (argued), Portland, Or., for plaintiff-appellant.

Frederick V. Betts (argued), of Skeel, McKelvy, Henke, Evenson & Betts, Seattle, Wash., for defendant-appellee.

Before MOORE * and DUNIWAY, Circuit Judges, and TAYLOR,** District Judge.

DUNIWAY, Circuit Judge:

Appellant Goodyear purchased two insurance policies from appellee Great American. The first, a "Select Liability Policy," provided:

> COVERAGE D—PROPERTY DAMAGE LIABILITY—EXCEPT AUTOMOBILE. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay *as damages because of property damage* caused by an occurrence.
>
> (emphasis added)

"Property damage" was defined as "injury to or destruction of tangible property."

"Occurrence" was defined as:

> . . . An accident, including injurious exposure to conditions which results . . . in bodily injury or property damage neither expected nor intended from the standpoint of the insured. . .

The second policy, known as a catastrophe or umbrella policy, provided:

> I. COVERAGE. To pay on behalf of the insured the ultimate net loss in excess of the retained limit hereinafter stated, which the insured shall become obligated to pay by reason of the liability imposed upon the insured by law or assumed by the insured under contract:
>
> (a) . . .
>
> (b) PROPERTY DAMAGE LIABILITY. For *damages because of injury to or destruction of tangible property in-*

---

* The Honorable Leonard P. Moore, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** The Honorable Fred M. Taylor, Senior United States District Judge for the District of Idaho, sitting by designation.

*cluding consequential loss resulting therefrom . . . to which this insurance applies . . . caused by an occurrence.* (emphasis added)

On August 8, 1971, while a barge owned by Pacific Inland Navigation Company was discharging gasoline at a Tank Farm in Pasco, Washington, a hose assembly sold by Goodyear leaked, causing an explosion and fire which killed a Pacific Inland employee, caused extensive damage to the Tank Farm, and endangered and damaged the barge, setting it afire. The tug Chinook, owned by Shaver Transportation Company, removed the barge to safety and helped to put out the fire. Shaver later filed a salvage claim against the barge's owners, who cross-complained against Goodyear. Goodyear then brought this separate action for declaratory relief. The trial court gave judgment for Great American, and Goodyear appeals. The question is whether the policies cover the potential liability of Goodyear for the salvage claim. We hold that they do.

■ Resolution of this controversy requires us to apply the principles stated by the Oregon Supreme Court in *Gowans v. Northwestern Pacific Indemnity Co.*, 1971, 260 Or. 618, 489 P.2d 947. In that case the insureds sought reimbursement from their insurer for the amount of a reward paid for recovering stolen jewelry. The trial court held that the costs incurred were not a "loss by theft," and so were not covered by the policy. Reversing and ordering that judgment be entered for the plaintiff, the Supreme Court of Oregon stated:

It is an established rule of insurance law that where a peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and final loss, produces the result for which recovery is sought, the insured peril is regarded as the proximate cause of the entire loss. 5 Appleman, Insurance Law and Practice 309. § 3083.

It is our opinion that in this case the payment by plaintiffs of a reward for recovery of their jewelry was a natural and direct consequence of the theft of the jewelry and followed naturally, although indirectly, from that act under the facts of this case and in the absence of evidence to the contrary. It is also our opinion, under these facts, that the dominant cause of the loss incurred by plaintiffs as a result of the payment of that reward was the theft of the jewelry. Accordingly, we hold that plaintiffs are entitled to recover that amount from defendants as the measure of their "loss" from the theft of their jewelry.

260 Or. at 621, 489 P.2d at 948–49.

*American Economy Insurance Co. v. Commons*, 1976, 26 Or.App. 153, 552 P.2d 612, is also closely in point. The policy there contained the same language as the Select Liability Policy here. The court held that the policy covered the costs incurred by the State Fire Marshal and chargeable to the insured in putting out a fire caused by an occurrence covered by the policy and producing property damage. *Accord Globe Indem. Co. v. California*, 1974, 43 Cal. App.3d 745, 118 Cal.Rptr. 75, cited and followed in *American Economy, supra.*

■ Here, as in *Gowans,* the peril insured against, the damage caused by the occurrence of explosion and fire, set the salvage operation in motion. The loss prevented by the rescue, like the loss prevented by the reward in *Gowans,* and the losses prevented by the fire fighters in *American Economy* and *Globe Indemnity,* was covered by the policy. It would be a strange kind of justice, and a stranger kind of logic, that would hold the defendant to be liable for as much as $450,000 if the barge and its contents had been consumed by fire, but free of liability for a much lesser amount because of the fortuity of rescue.

The judgment is reversed and the case is remanded with instructions to enter judgment for the plaintiff. Appellant's Petition for Attorney's Fees is referred to the district court, for an award of fees for services in that court and in this court (ORS 743.-114).