■ MOLYCORP, INC., v AETNA CASUALTY AND SURETY COMPANY et al.—Motion insofar as it seeks leave to appeal to the Court of Appeals denied and insofar as it seeks reargument granted to the extent of resettling the order of this court entered on May 15, 1980 [75 AD2d 1030] to accompany therewith the following memorandum decision: Order, Supreme Court, New York County, entered December 6, 1979, denying plaintiff's motion for summary judgment unanimously affirmed, without costs and without disbursements. In seeking disposition of the liability issues as a matter of law, plaintiff claims that the reports prepared by the adjusters for the insurance carriers agree that the power plant loss was caused by a mudflow or mudslide, not an event excluded from coverage under the policies. In opposition, the defendants asserted that there are questions of fact as to whether the damage was caused by, resulted from, contributed to, or aggravated by "surface water" within the exclusion to coverage. The parties are in agreement that "surface water" referred to the accumulation of natural precipitation on land and its passage overland until it evaporated or was absorbed, or reached stream channels. Claiming that coverage did not exist, the insurers pointed to the recognition in the supporting affidavit of Dr. Clark that the damage to the plant was caused by a mixture of mud, gravel, water and debris. Plaintiff claims that the burden imposed upon the carrier in this case is to establish that the damage was caused solely by surface water, and the fact that the loss admittedly in part resulted from the flow of mud and debris results in coverage under the policy. While recognizing that surface water may have played a role in initiating the mudflow between the main haul road and the power plant, plaintiff nevertheless asserts that the relevant factor to determine the issue of coverage is the cause nearest the loss. Of course, the construction and interpretation of a policy of insurance, as with other written agreements, presents a question of law for the court. Although plaintiff is correct in seeking application of either New York or New Mexico law, no authority is shown for the proposition suggested by plaintiff that, since this is an all-risk policy, coverage exists even if the loss in part was contributed to or aggravated by surface water, excluded from coverage under the policy. Plaintiff's construction would eliminate from the exclusion the words "contributed to or aggravated by" and would limit the exclusionary clause to a case where damage was caused solely by surface water, contrary to the terms contained in the exclusion. There is no merit to plaintiff's claim that the applicable law in either New York or New Mexico would look to the cause nearest to the loss. Rather, the operative test where damage results from two causes, one within and one without the scope of coverage, is to establish which was the proximate cause of the loss—what would the ordinary and reasonable businessman conclude was the cause of the loss? Although both parties, represented by well-established law firms, have submitted detailed briefs in support of their respective positions, both have failed to cite the two leading New York authorities on the issue, to wit, *Tonkin v California Ins. Co. of San Francisco* (294 NY 326) and *Harris v Allstate Ins. Co.* (309 NY 72). The effect of these decisions is to establish the applicable rule that where two causes lead to a loss, one within and without coverage, the relevant inquiry is to determine which of the two was the dominant and efficient cause of the

loss, generally a factual issue to be determined by the trier of the facts (see, also, 93 ALR2d 145; *Bird v St. Paul Fire & Mar. Ins. Co.,* 224 NY 47). Although this was an all-risk policy, the issue remains whether the damage here was caused by, resulted from, contributed to or aggravated by the flow of surface water. The factual issue cannot be resolved summarily. The policies involved herein contain a broad type of exclusion, and even if plaintiff is correct in contending that the addition to the exclusion of the words "contributed to or aggravated by" does not expand the scope of the exclusion, there is nevertheless a factual issue as to whether the direct or proximate cause of the loss was the surface water which flowed down to the power plant, carrying with it the mud and debris. The reports investigating the loss and photographs contained in the record, as well as the statements included therein by personnel at the site, raise further factual issues as to whether the flow of the surface water was the proximate and efficient cause of the loss. Indeed, even if the words "contributed to or aggravated by" contained within the exclusion not be given the broad, all encompassing meaning suggested by the insurers, there is nevertheless a factual issue which cannot be disposed of summarily. An appropriate construction of the exclusion would require that the excluded hazard or risk be the direct, proximate and efficient cause of the loss. Similarly, the suggested proximate cause standard should apply with respect to the words "contributed to or aggravated by" as to require that the excluded risk be proximately related to the occurrence of the loss. These issues, however, cannot be resolved upon the conflicting affidavits tendered before Special Term, particularly where, as here, proof on the issue is to a large degree dependent upon expert and eyewitness testimony as to the manner by which the damage occurred. Concur—Sullivan, J. P., Ross, Markewich, Lupiano and Carro, JJ.