Argued and submitted May 8, 1992, reversed and remanded March 31, 1993

## NAUMES, INC.,
*Appellant,*

*v.*

## LANDMARK INSURANCE COMPANY,
*Respondent.*

(90-2494-L-1; CA A70764)

849 P2d 554

Steven P. Pickens, Medford, argued the cause and filed the brief for appellant.

Lisa E. Lear, Portland, argued the cause for respondent. With her on the brief were Robert F. Riede and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Plaintiff brought this action after defendant, Landmark Insurance Company (Landmark), denied that its policy covered damage to plaintiff's property when, following a severe storm, mud and debris partially buried the property. Defendant moved for summary judgment, which the trial court granted. We reverse.

In August, 1989, there was a severe rainstorm in Dinkelman Canyon, Washington, where plaintiff's property is located. An estimated 2 inches of rain fell in approximately 30 minutes. Within an hour of the rainstorm, a water-charged mudflow deposited debris onto plaintiff's property and caused damage to buildings on the property. Plaintiff's insurance policy, issued by Landmark, covered plaintiff's real and personal property from all risks of direct physical loss or damage commonly referred to as an all-risk insurance policy. Plaintiff filed a claim with Landmark for the loss. Landmark denied coverage on the basis of an exclusion in the policy for damage caused by surface waters.

The pertinent language in the insurance contract provides:

### "INSURING CLAUSE

"[T]his Policy insures all real and/or personal property * * * of the Insured * * * against ALL RISKS OF DIRECT PHYSICAL LOSS OR DAMAGE * * *.

### "PERILS EXCLUDED

"3) Loss or damage caused by flood, surface waters, waves, tidal wave or tidal water, overflow of streams or other bodies of water or spray from any of the foregoing, all whether driven by wind or not."

An endorsement to the contract provided:

### "CONCURRENT CAUSATION - EXCLUSION ENDORSEMENT

"THIS POLICY DOES NOT INSURE AGAINST LOSS CAUSED BY ANY OF THE FOLLOWING. HOWEVER, AN ENSUING LOSS NOT EXCLUDED OR EXCEPTED IN THIS POLICY IS COVERED.

"A.   WEATHER CONDITIONS. HOWEVER, THIS EXCLUSION ONLY APPLIES IF WEATHER

CONDITIONS CONTRIBUTE IN ANY WAY WITH
A CAUSE OR EVENT EXCLUDED IN THE POLICY
TO PRODUCE THE LOSS[.]"

Plaintiff argues that the trial court erred in granting summary judgment, because there are genuine issues of material fact regarding causation and, consequently, coverage. A summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47; *Seeborg v. General Motors Corporation*, 284 Or 695, 588 P2d 1100 (1978). On review, we view the facts and all reasonable inferences that may be drawn from them in the light most favorable to plaintiff, the non-moving party. *Dargen v. King*, 87 Or App 349, 742 P2d 72, *rev den* 304 Or 437 (1987).

Plaintiff argues that the affidavits of its employees and consulting engineer establish that the immediate physical cause of the property damage was rock, mud, soil, and debris. Those are covered perils under the policy. Landmark argues that the "efficient proximate cause" of plaintiff's loss was surface waters, and, therefore, as a matter of law, the loss is excluded from coverage.

In *Gowans v. N.W. Pac. Indem. Co.*, 260 Or 618, 621, 489 P2d 947, 491 P2d 1178 (1971), the court said:

> "It is an established rule of insurance law that where a peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and final loss, produces the result for which recovery is sought, the insured peril is regarded as the proximate cause of the entire loss."

The "efficient proximate cause" of a loss "is the active and efficient cause that sets in motion a train of events which bring about a result without the intervention of any force, starting and working actively and efficiently from a new and independent source." *Couch on Insurance 2d*, § 74:711 (Rev ed 1983). If there are multiple causes of a single loss, the "efficient proximate cause" is the relevant cause for determining coverage under an insurance contract. *See Couch on Insurance 2d, supra*, §§ 74:696; 74:701.

■ ■ Generally, if the facts are disputed, or different inferences may be drawn from undisputed facts, the question

of the "efficient proximate cause" of a loss is for the jury. *Cf. Botts v. Hartford Acc. & Indem. Co.* 284 Or 95, 585 P2d 657 (1978); *Molycorp, Inc. v. Casualty and Surety Co.*, 431 NYS 2d 824, 78 AD 2d 510 (1980); *see also Couch on Insurance 2d, supra,* § 74:700. Defendant argues that there is no genuine issue of material fact regarding the proximate cause of plaintiff's loss, because *all* the experts agree that the heavy rainfall and resulting surface waters triggered the debris flow.

However, the affidavits submitted on the motion create an issue of material fact as to the proximate cause of the loss. Defendant's consulting engineer said:

"The debris/mudflows were generated by large accumulations of surface water, derived from the high intensity storm cell which stalled over the Dinkelman Canyon area. The surface water accumulated sediment and debris as it moved down tributaries and channels forming the debris/mudflows which eventually came upon [plaintiff's] property."

However, plaintiff's consulting engineer said:

"[I]t is my opinion that the event fits the definition * * * of a 'debris torrent' which is an event *distinct from* flooding or *the work of surface water.*

"* * * * *

"In my opinion, the damage to [plaintiff's] property was caused by a 'debris torrent' the causes of which included (a) intense precipitation, (b) steep creek and valley wall profile, (c) lack of protective vegetation along the banks of the creek and valley walls and, (d) soils conducive to failure upon saturation and susceptible to erosion both in the creek bed and along the valley walls." (Emphasis supplied.)

The trial court erred in granting summary judgment for defendant, because there is evidence creating a genuine issue of material fact regarding the proximate cause of plaintiff's loss.

Reversed and remanded.