**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT CHATELAIN; JANET
CHATELAIN,

           Plaintiffs-Appellees,

v.

COUNTRY MUTUAL INSURANCE
COMPANY,

           Defendant-Appellant.

No.   18-35037

D.C. No. 3:15-cv-02013-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted November 5, 2019
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and KOBAYASHI,[**] District
Judge.

    Appellant Country Mutual Insurance Company (Country Mutual) appeals

the district court's judgment in favor of Appellees Robert and Janet Chatelain

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

(Chatelains) after a jury determined that Country Mutual breached the insurance policy issued to the Chatelains and breached its duty of good faith and fair dealing. The Chatelains sought coverage under the policy for property damage, stolen cattle, and missing equipment after evicting Martin and Jeanette Braun (the Brauns).

The district court properly held that the policy's conversion exclusion did not unambiguously bar coverage of the Chatelains' theft claim.[1]  Under Oregon law, "conversion may occur on a *spectrum* from *the most outright, blatant kind of theft* to what may be regarded as innocent conversion." *Davis v. F.W. Fin. Servs., Inc.*, 317 P.3d 916, 926 (Or. Ct. App. 2013) (citation omitted) (emphases added). Due to this overlap, if Country Mutual intended to limit coverage based on differences between conversion and the statutory definition for theft, it had the opportunity to do so when drafting the exclusion, but nonetheless left "conversion" entirely undefined. *See Bighorn Logging Corp. v. Truck Ins. Exch.*, 437 P.3d 287,

---

[1]  Although Country Mutual appeals the district court's pretrial order granting the Chatelains' motion to compel production of the claims file, Country Mutual fails to adequately specify how the individual documents qualified as confidential communications under the attorney-client privilege, or that it was otherwise prejudiced by the court's order. *See United States v. Christensen*, 828 F.3d 763, 803-04 (9th Cir. 2016), *as amended* (applying harmless error review and explaining that "[t]he claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable") (citation omitted).

294 (Or. Ct. App. 2019) (articulating that, when an insurance provision is ambiguous, "any reasonable doubt as to the meaning of the word or phrase will be resolved in favor of the insured and against the insurer") (citation omitted).

In denying Country Mutual's motion for judgment as a matter of law, the district court committed no error in holding that the Chatelains were entitled to damages for lost milk production based on the policy's coverage of "loss caused by . . . theft." Under Oregon law, "[i]t is an established rule of insurance law that where a peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and final loss, produces the result for which recovery is sought, the insured peril is regarded as the proximate cause of the entire loss." *Gowans v. Nw. Pac. Indem. Co.*, 489 P.2d 947, 948 (Or. 1971) (citation omitted). The policy's definition of "loss" as "sudden, accidental direct physical damage" does not explicitly override this rule, or unambiguously bar coverage for losses resulting from theft of livestock. The Chatelains, as ordinary purchasers of a farm insurance policy, would not have been able to readily discern that their stolen dairy cows, as opposed to building structures or other physical property, would be subjected to a physical damage limitation, particularly as the policy defined "property damage" as "physical injury to or destruction of tangible property, including the resulting loss of use of this property." *See Bighorn*

3

*Logging Corp.*, 437 P.3d at 294 (explaining that "[w]e interpret the terms of the policy from the perspective of an ordinary purchaser of insurance") (citation and internal quotation marks omitted).[2]

Country Mutual's challenge to the denial of its motion for judgment as a matter of law on the Chatelains' theft claim is unpersuasive. The Chatelains presented sufficient evidence that it was "likely" that their cattle were stolen by the Brauns, as required by the policy, based on reduction in the number of cattle contemporaneous with the Brauns' eviction. *See Greisen v. Hanken*, 925 F.3d 1097, 1107 (9th Cir. 2019) (explaining that "a jury's verdict must be upheld if it is supported by substantial evidence, even if it is also possible to draw a contrary conclusion") (citation and alterations omitted).

Country Mutual was not entitled to a new trial on the vandalism claim because the Chatelains presented sufficient evidence that the Brauns willfully or maliciously damaged the Chatelains' property through extensive damage to the main farm house and other structures. *See Mueller v. Auker*, 700 F.3d 1180, 1194

---

[2] Country Mutual has forfeited its assertion that the district court erred in not limiting damages under the policy's sublimit for loss of cattle because it did not rely on this provision in its motion for judgment as a matter of law or in its request for remittitur. *See Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016), *as amended* (explaining that "[g]enerally, an appellate court will not hear an issue raised for the first time on appeal") (citation omitted).

(9th Cir. 2012), *as amended* (stating that "[t]he district court's denial of a motion for a new trial is reversible only if the record contains no evidence in support of the verdict") (citation omitted).

In awarding prejudgment interest, the district court appropriately determined that the policy's payment provision did not unambiguously establish when payment was due in the event Country Mutual breached the insurance contract. *See Patton v. Mut. of Enumclaw Ins. Co.*, 438 P.3d 441, 447 (Or. Ct. App. 2019) (explaining that "even when the exact amount of damages is not ascertainable until issues of fact have been decided by the jury, prejudgment interest is proper") (citation, alteration, and internal quotation marks omitted).

**AFFIRMED.**