Argued and submitted November 3, 1986, affirmed March 25, 1987

# STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
*Respondent,*

*v.*

## BECK,
*Appellant.*

(83-11-13; CA A38517)

734 P2d 398

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Edward L. Sears, Portland, argued the cause for respondent. With him on the brief was Vergeer, Roehr & Sweek, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant Beck appeals from a judgment entered in favor of plaintiff State Farm.[1] The issue is whether an uninsured three-wheeled motorcycle designed for use mainly off public roads is an "uninsured motor vehicle" for purposes of uninsured motorist coverage. The trial court held that it is not. We affirm.

On February 21, 1983, Beck sustained personal injuries as the result of an accident. Beck and Mize collided on private land while operating three-wheeled motorcycle-type vehicles. Mize was uninsured. Beck was insured under an automobile liability policy, issued by State Farm, which excludes from uninsured motorist coverage "land motor vehicles" which are "designed for use mainly off public roads, except while on public roads." The three-wheelers were not licensed for travel on the public highway and are designed for use principally off public roads. State Farm brought this action for a declaration that the policy does not cover the accident and that it has no duty to defend. Beck counterclaimed, challenging the policy's $15,000 limit of liability on uninsured motorist coverage. He moved for partial summary judgment on the issue of coverage. State Farm filed a cross-motion for summary judgment. The trial court granted State Farm's motion and denied Beck's.

Beck does not dispute that the policy expressly excludes coverage in this case. Rather, she argues that, because the policy's coverage is less favorable than is required by ORS 743.792(2)(e)(E), the statute controls and requires coverage here. *See Waller v. Rocky Mtn. Fire & Casualty,* 272 Or 69, 78-79, 535 P2d 530 (1975). ORS 743.792 provides, in part:

"Every policy required to provide the coverage specified in ORS 743.789 shall provide uninsured motorist coverage which in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy. * * *

"(1)(a)  The insurer will pay all sums which the insured * * * shall be legally entitled to recover as general and special damages from the owner or operator of an uninsured vehicle

---

[1] Defendant Mize did not appear below and is not a party to this appeal.

because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured vehicle. * * *

"* * * * *

"(2)   As used in this policy:

"* * * * *

"(e)   'Uninsured vehicle' does not include:

"* * * * *

"(E)   A farm-type tractor or .equipment designed for use principally off public roads, except while actually upon public roads * * *."

Beck argues that the legislature intended the words "farm-type" to modify "equipment designed for use principally off public roads" and that, because the three-wheelers are not "farm-type equipment", they are "uninsured vehicles" under the statute.

The statute is similar to the policy provision discussed in *Beck v. Unigard Ins. Co.,* 271 Or 261, 531 P2d 907 (1975), which excluded from coverage a "farm-type tractor or *other* equipment designed for use principally off public roads, while not upon public roads." (Emphasis supplied.) The court stated:

"Plaintiff contends the rule of contract and statutory construction, *ejusdem generis,* is applicable. The principle of *ejusdem generis* is that when general words such as 'other equipment' are used after specific words such as 'a farm type tractor,' the general words are to be restricted to the same kind of subjects as stated by the specific words. Several of the cases favorable to the defendant have satisfactorily answered this argument. Those courts reasoned that the words following 'farm type tractor' are not general words such as 'other equipment.' The words are specific, 'other equipment designed for use principally off public roads.' Farm tractors are only one kind of equipment designed for use principally off public roads.

"We conclude that the equipment intended to be excluded should not be limited to equipment similar to 'farm type tractors'; that the clauses were intended to exclude all 'equipment designed for use principally off public roads.' * * *"

Beck argues that *Unigard* does not control here, because the statute does not contain the word "other." We

disagree. The words "equipment designed for use principally off public roads" are no less specific simply because they are not preceded by the word "other." *Accord: Kansas Farm Bureau Ins. Co. v. Cool,* 205 Kan 567, 576-77, 471 P2d 352 (1970); *Lane v. Hartford Ins. Group,* 447 A2d 818, 820 (Me 1982).

Affirmed.