Argued and submitted September 9, 2004, peremptory writ of mandamus to issue February 3, 2005

Curt NIBLER,
as Personal Representative of
the Estate of Laura Nibler,
*Plaintiff-Adverse Party,*

*v.*

OREGON DEPARTMENT OF TRANSPORTATION
and Oregon Department of State Police,
Departments of the State of Oregon,
*Defendants-Relators.*

(CC 0212-12262; SC S50351)

105 P3d 360

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for defendants-relators. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Jonathan M. Friedman, Portland, argued the cause and filed the brief for the plaintiff-adverse party.

Maureen Leonard, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

CARSON, C. J.

## CARSON, C. J.

The issue in this original mandamus proceeding is whether defendants-relators, the Oregon Department of Transportation and the Oregon Department of State Police (defendants), are entitled to a peremptory writ of mandamus requiring the trial court to change venue in the underlying negligence action from Multnomah County to Washington County. We conclude that defendants are entitled to that relief and, accordingly, direct the issuance of a peremptory writ.

The relevant facts are few and undisputed. Plaintiff-adverse party (plaintiff) and his wife were involved in an automobile accident in Washington County that resulted in his wife's death. As personal representative of his wife's estate, plaintiff filed an action against defendants in Multnomah County, alleging negligence in a number of respects. Defendants responded with a motion that, for our purposes here, argued that ORS 14.060, set out *post*, required venue in Washington County, where the accident had occurred.[1] The trial court denied the motion to change venue, and we allowed defendants' mandamus petition challenging that ruling and issued an alternative writ.

■    ORS 14.060, the statute upon which defendants rely, provides:

"Any suit against any department, official, officer, commissioner, commission or board of the state, as such, or in [*sic*] virtue of such status, other than a suit for the causes enumerated in ORS 14.040, may be brought in the county wherein the cause of suit, or some part thereof, arose."[2]

---

[1] Defendants' legal theory has evolved somewhat over the course of the proceedings. That variation, however, does not impede our ability to decide the questions of statutory construction that this case presents. *See Newport Church of the Nazarene v. Hensley*, 335 Or 1, 16, 56 P3d 386 (2002) (once issue of construction of statute properly is presented, meaning is for court to decide).

[2] ORS 14.040, to which ORS 14.060 refers, provides:

"Actions and suits for the following causes shall be commenced and tried in the county in which the subject of the action or suit, or some part thereof, is situated:

"(1) Actions for the recovery of real property, or an estate or interest therein, or for injuries to real property.

The parties dispute the meaning of ORS 14.060 and, particularly, the effect of the legislature's use of the ordinarily permissive word "may" in that statute. Before addressing those arguments, however, we first consider whether ORS 14.060 applies to plaintiff's action at all.

By its plain terms, ORS 14.060 applies to "any suit" that falls within the scope of that statute. In legal parlance, the word "suit" most specifically is used to refer to proceedings in equity, which plaintiff's action is not. *See, e.g., Giant Powder Co. v. Oregon W. Ry. Co.*, 54 Or 325, 327, 101 P 209, 103 P 501 (1909) ("An 'action' is a proceeding at law to enforce a private right or to redress a private wrong * * *; but in equity the compulsion for that purpose is known as a 'suit[.]' " (internal citations omitted)). The legal usage of that word, however, is by no means always that specific. *See, e.g., Thorp v. Rutherford*, 150 Or 157, 163, 43 P2d 907 (1935) ("Text[-]writers and courts sometimes use the word[s] 'suit' and 'action' as synonymous."). Thus, the question here is: what meaning did the legislature intend by using the word "suit" in ORS 14.060?

A casual reading of the venue statutes in ORS chapter 14 suggests a legislative intent for the more specific usage. *Compare* ORS 14.050 *and* ORS 14.080 (referring to "actions") *with* ORS 14.060 (referring to "suits") *and* ORS 14.030 *and* ORS 14.040 (referring to "any cause of action or suit" and "actions and suits," respectively). The evolution of ORS 14.060 over time supports that view as well. *See Krieger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994) ("[W]ording changes adopted from session to session are a part of context of the present version of the statute being construed."). As originally enacted in 1939, ORS 14.060 began with the phrase "[a]ny suit in equity * * *." Or Laws 1939, ch 284, § 1,

---

"(2) Actions for the recovery of any personal property distrained for any cause.

"(3) Suits for the partition of real property.

"(4) Suits for the foreclosure of a lien or mortgage upon real property.

"(5) Suits for the determination of an adverse claim, estate, or interest in real property, or the specific performance of an agreement in relation thereto."

No party asserts that ORS 14.040 applies to the facts of this case, and we agree that it does not.

*codified as* OCLA § 9-109 (1940). Although the legislature condensed that introductory phrase to its present form by eliminating the words "in equity" when it enacted the Oregon Revised Statutes in 1953, *compare* OCLA § 9-109 (1940), *with* ORS 14.060 (1953), the legislature, as a general matter, did not intend to make any substantive changes in the law when it created Oregon's present statutory scheme. *See* ORS 174.550 (so providing).

The foregoing contextual review, standing alone, strongly suggests that the legislature intended ORS 14.060 to apply only to suits in equity and not also to actions at law, such as plaintiff's case. There is, however, more. In 1979, as part of its adoption of the Oregon Rules of Civil Procedure, the legislature, through ORCP 2, largely abolished the procedural distinctions between law and equity practice. ORCP 2 provides:

> "There shall be one form of action known as a civil action. All procedural distinctions between actions at law and suits in equity are hereby abolished, except for those distinctions specifically provided for by these rules, by statute, or by the Constitution of this state."

Additionally, and more importantly for our purposes, the legislature also enacted ORS 174.590 that same year, providing:

> "References in the statute laws of this state, including provisions of law deemed to be rules of court as provided in ORS 1.745, in effect on or after January 1, 1980, to actions, actions at law, proceedings at law, suits, suits in equity, proceedings in equity, judgments or decrees are not intended and shall not be construed to retain procedural distinctions between actions at law and suits in equity abolished by ORCP 2."

Or Laws 1979, ch 284, § 5. This court long has held that statutory venue provisions are procedural in nature. *See, e.g., Mutzig v. Hope*, 176 Or 368, 385, 158 P2d 110 (1945) ("By the overwhelming weight of authority, statutes relating to venue are held to be procedural merely, and not jurisdictional in the strict sense."). The question that remains, however, is whether, by retaining the words "suits" and "actions" in the venue statutes in ORS chapter 14, the legislature intended to signal a specific intent to provide for a distinction between

law and equity in those statutes under the exception to ORCP 2. *See* ORCP 2 (abolishing procedural distinctions between actions at law and suits in equity, except for "those distinctions specifically provided for by these rules, by statute, or by the Constitution of this state"). As explained below, we conclude that it did not.

Because the legislature has directed *both* (1) that statutory references to "actions" and "suits" are not intended to retain procedural distinctions between actions at law and suits in equity abolished by ORCP 2, *see* ORS 174.590 (so providing); *and* (2) that those distinctions remain where "specifically provided for * * * by statute," *see* ORCP 2 (so providing), the statutory context of references to "actions" and "suits" has particular importance in discerning the legislature's intent in using those terms. In *Ben Rybke Co. v. Royal Globe Insurance Co.*, 293 Or 513, 520, 520 n 5, 651 P2d 138 (1982), for example, this court concluded that ORCP 2 did not abolish the distinction between actions at law and suits in equity under *former* ORS 19.125 (1981), *renumbered as* ORS 19.415 (1997),[3] which provided for the application of *de novo* review only in appeals from "a decree in a suit in equity." In that case, despite the direction in ORS 174.590, it was clear that the legislature had intended for the statutory reference to "suit in equity" to retain its specific legal meaning because a contrary reading would lead to the absurd result that that statute had provided for two standards of appellate review without providing any basis for determining which of those standards applies in a particular instance.

The application of ORS 174.590 to the venue statutes in ORS chapter 14, by contrast, yields no such absurdity

---

[3] *Former* ORS 19.125 (1981) provided:

"(1) Upon an appeal from a judgment in an action at law, the scope of review shall be as provided in section 3, Article VII (Amended) of the Oregon Constitution.

"(2) No judgment shall be reversed or modified except for error substantially affecting the rights of a party.

"(3) Upon an appeal from a decree in a suit in equity, the Court of Appeals shall try the cause anew upon the record.

"(4) When the Court of Appeals has tried a cause anew upon the record, the Supreme Court may limit its review of the decision of the Court of Appeals to questions of law."

and, indeed, completes those statutes. As discussed in more detail below, the "catch-all" venue statute, ORS 14.080(1), refers only to "actions." *See* ORS 14.080(1) (so providing). Thus, if the statutory references to "suits" and "actions" in the venue statutes in ORS chapter 14 were construed to retain their specific legal meanings, then ORS 14.080(1) would apply only to actions at law, and a gap would exist for suits in equity not fitting within the specific categories of the other venue statutes.

Based upon that context, the impact of ORS 174.590 on ORS 14.060 appears clear to us: by its enactment of ORS 174.590 in 1979, the legislature directed courts to read the words "suit" and "cause of suit" in ORS 14.060 so as to not draw precisely the distinction between legal and equitable proceedings that the legislature in 1939 had contemplated. Effectively, then, we must replace those words with the "one form of action" that ORCP 2 does provide, namely, a "civil action." So construed, ORS 14.060 applies to plaintiff's negligence action against defendants.

■ Having determined the applicability of ORS 14.060, we next proceed to consider whether that statute requires— or, instead, simply permits—plaintiff to maintain his action against defendants "in the county wherein the [civil action], or some part thereof, arose." The parties offer competing interpretations of the legislature's use of the word "may" in ORS 14.060. *See* ORS 14.060 ("Any suit * * * may be brought * * *."). Defendants argue that, when considered in historical context, concerns over the implicit waiver of sovereign immunity explain the legislature's use of the word "may." Specifically, defendants contend:

> "If [ORS 14.060] had used 'shall,' and had provided that any suit against a state department, official, officer, agency, or board 'shall be brought in the county wherein the cause of suit, or some part thereof, arose,' there would have been a serious risk that 'shall' might have been taken as a signal that the state was impliedly waiving its sovereign immunity. Using 'may' instead was only prudent, given the tenor of the times [which defendants describe as an 'era of scholarly and judicial hostility to the concept of state sovereign immunity']."

According to defendants, viewed in that light, the word "may" indicates only that, *if* a civil action against the state and its subdivisions can be brought at all, then it may be brought in the county in which the cause of action arose.

Although ably advanced, defendants' sovereign immunity theory is subtle to the point that we do not think it a plausible explanation for the legislature's choice of wording. We, therefore, turn to consideration of plaintiff's theory.

Aided by *amicus curiae* Oregon Trial Lawyers Association, plaintiff contends that, by applying the principles of statutory construction announced in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), this court should assign the word "may" in ORS 14.060 its ordinary permissive meaning. *See id.* at 611 ("[W]ords of common usage typically should be given their plain, natural, and ordinary meaning."). According to plaintiff, if the word "may" is construed in that manner, then ORS 14.060 grants plaintiff the discretion either to file the action in the county where the claim arose or to elect, instead, to proceed under ORS 14.080(1), the "catch-all" venue statute. ORS 14.080(1) provides, in part:

> "*All other actions* shall be commenced in the county in which the defendants, or one of them, reside at the commencement of the action or in the county where the cause of action arose. A party resident of more than one county shall be deemed a resident of each such county. If none of the defendants reside in this state the action may be commenced in any county."

(Emphasis added.) Because, in plaintiff's view, the state resides in every county, the county of venue is his to choose.

We begin by observing that the word "may" ordinarily denotes permission or the authority to do something. *See Webster's Third New Int'l Dictionary* 1396 (unabridged ed

2002) (defining the word "may" as meaning, in part, to "have permission to * * *: have liberty to"); *see also, e.g., Martin v. City of Tigard*, 335 Or 444, 452, 72 P3d 619 (2003) ("The ordinary meaning of the word 'may' is 'have liberty to.' "(Internal citation omitted.)). Applying that definition here, we agree with plaintiff that ORS 14.060 grants him statutory authority to file his action in the county where his claim arose.

That conclusion, however, does not mean that ORS 14.060 also grants plaintiff authority to elect to proceed under a different statute. This court's decision in *Hubner v. Hubner*, 67 Or 557, 136 P 667 (1913), illustrates that point. In that case, the husband had brought a dissolution of marriage proceeding against his wife in Clackamas County, despite the fact that both parties resided in Multnomah County. The venue statutes at that time were, in many respects, the same as they are today, *see id.* at 559-60, with specific provision having been made for venue in marital dissolution cases: "[I]n any suit for the dissolution of the marriage contract the same *may* be commenced and tried in any county of this state in which either party to the suit resides." *Id.* at 560 (referring to Lord's Oregon Laws, title VI, ch I, § 396 (1910) (emphasis added)). In construing that wording, the court held that, because the statute conferred the right to commence a marriage dissolution proceeding only in a county where one of the parties resides, it followed that "a person has no right to commence a suit for divorce in a county in which neither party resides." *Id.*

So it is, we conclude, with respect to the legislature's use of "may" in ORS 14.060. ORS 14.060, and no other statute, grants a plaintiff statutory authority to file an action against the state and its subdivisions in a particular county.[4] Although ORS 14.080(1) applies to "[a]ll other actions[,]" an action subject to ORS 14.060 necessarily is not an "other" action. The trial court, therefore, erred in denying defendants' motion to change venue from Multnomah County

---

[4] We note that a different statute governs venue for actions against public *officers* and those specially appointed to execute the duties of a public officer or who act at the command or in aid of a public officer. ORS 14.050(2) provides that such actions "shall be commenced and tried in the county where the cause, or some part thereof, arose."

to Washington County. A writ directing the trial court to vacate that order and to enter an order granting the motion shall issue.

Peremptory writ of mandamus to issue.