Argued and submitted October 10, 2005, appeal dismissed; remanded with
instructions to vacate judgment January 18, 2006

Arlene F. LINDSAY,
Personal Representative of the Estate of
Dale Clark Perkins, deceased,
*Appellant,*

*v.*

THE NICEWONGER CO., INC.,
a Washington corporation,
and Norman B. Burger,
*Respondents.*

032310; A124711

126 P3d 730

Lauren Paulson argued the cause and filed the briefs for appellant.

Noah Jarrett argued the cause for respondents. With him on the brief were Jan K. Kitchel, Jill Schneider, and Schwabe, Williamson & Wyatt, P.C.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Haselton,* Judge.

ARMSTRONG, J.

---

* Haselton, J., *vice* Richardson, S. J.

**ARMSTRONG, J.**

Plaintiff appeals from a limited judgment in this wrongful death action that purports to dismiss her "claim for noneconomic damages." We hold that there is no appealable judgment in the case and therefore dismiss the appeal for lack of jurisdiction.

Plaintiff's decedent was killed in an automobile accident. Plaintiff brought this action, alleging a single claim for negligence that seeks economic and noneconomic damages. Before trial, defendant moved for partial summary judgment on whether plaintiff could recover noneconomic damages in light of the fact that decedent was an uninsured driver. ORS 31.715(1) provides that,

> "[e]xcept as provided in this section, a plaintiff may not recover noneconomic damages, as defined in ORS 31.710, in any action for injury or death arising out of the operation of a motor vehicle if the plaintiff was in violation of [the statutes requiring automobile liability insurance and prohibiting driving under the influence of intoxicants] at the time the act or omission causing the death or injury occurred. A claim for noneconomic damages shall not be considered by the jury if the jury determines that the limitation on liability established by this section applies to the claim for noneconomic damages."

The trial court granted defendant's motion and entered a document styled as a "Limited Judgment." That document provides:

> "On March 22, 2004, the Court granted Defendant's Motion for Partial Summary Judgment per *Lawson v. Hoke*, 190 Or App 92, 77 P3d 1160 (2003).
>
> "IT IS HEREBY ORDERED AND ADJUDGED that defendants are awarded final judgment dismissing plaintiff's claim for non-economic damages with prejudice."

It is from that judgment that plaintiff appeals.

■ Though neither party has raised the issue, we are obliged to consider our jurisdiction of this case. *See, e.g., Meyer v. Joseph*, 295 Or 588, 590, 668 P2d 1228 (1983).

ORS 19.205 governs the appealability of judgments and, in relevant part, provides:

> "(1) Unless otherwise provided by law, a limited judgment, general judgment or supplemental judgment, as those terms are defined by ORS 18.005, may be appealed as provided in this chapter. A judgment corrected under ORCP 71 may be appealed only as provided in ORS 18.107 and 18.112.
>
> "* * * * *
>
> "(6) Nothing in ORS chapter 18 affects the authority of an appellate court to dismiss an appeal or to remand a proceeding to the trial court under ORS 19.270(4) based on the appellate court's determination that the appeal has not been taken from an appealable judgment or order."

Under that statute, "a party may appeal a limited judgment as that term is defined in ORS 18.005, and we have the authority to dismiss an appeal if we determine that the judgment is not appealable." *Strawn v. Farmers Ins. Co.*, 195 Or App 679, 687, 98 P3d 1158 (2004).[1]

■        A "limited judgment" is defined by ORS 18.005(13) as

> "(a)  A judgment entered under ORCP 67 B or 67 G;
>
> "(b)  A judgment entered before the conclusion of an action in a circuit court for the partition of real property,

---

[1] We note that the legislature amended ORS chapter 18 in 2005 to include the following provision:

"The following requirements are the only requirements of this chapter that are jurisdictional for the purposes of appeal of a judgment:

"(1) The judgment document for the judgment must be plainly titled as a judgment as required by ORS 18.038(1).

"(2) The judgment document for the judgment must comply with the requirements of ORS 18.038(4).

"(3) The court administrator for the circuit court rendering the judgment must note in the register of the court that the judgment document has been filed, as required by ORS 18.058(1)."

Or Laws 2005, ch 568, § 2. Significantly, the legislature did not amend ORS 19.205(6), which explicitly provides that nothing in ORS chapter 18 affects our authority to dismiss an appeal that has not been taken from an appealable judgment. Thus, whatever the effect of section 2 of chapter 568 of the 2005 Oregon Laws, it does not deprive us of the authority to dismiss this appeal if we conclude that the judgment in this case is not an appealable judgment.

defining the rights of the parties to the action and directing sale or partition;

"(c)   An interlocutory judgment foreclosing an interest in real property; and

"(d)   A judgment rendered before entry of a general judgment in an action that disposes of at least one but fewer than all requests for relief in the action and that is rendered pursuant to a legal authority that specifically authorizes that disposition by limited judgment."

Although the trial court did not identify the statutory authority under which it entered its purported limited judgment, the only conceivable statutory authority for the judgment on these facts is ORCP 67 B.[2] That rule provides that,

"[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may render a limited judgment as to one or more but fewer than all of the claims or parties. A judge may render a limited judgment under this section only if the judge determines that there is no just reason for delay."

---

[2] The 2005 legislature amended ORS 18.005(13). *See* Or Laws 2005, ch 568, § 4. For purposes of this case, the pertinent modification is the addition of ORS 18.005(13)(d), which provides that a judgment that disposes of at least one "request for relief" is a limited judgment, if it is "rendered pursuant to a legal authority that specifically authorizes that disposition by limited judgment." Previously, the statute deemed such judgments to be limited judgments if they disposed of "claims," rather than "requests for relief." ORS 18.005(13) (2003).

Even assuming that plaintiff's request for noneconomic damages is a "request for relief" as that term is defined in ORS 18.005(15), in order for the purported judgment in this case to qualify as a "limited judgment" under ORS 18.005(13)(d), it had to have been "rendered pursuant to a legal authority that specifically authorizes that disposition by limited judgment." We asked the parties to file supplemental memoranda on whether we have jurisdiction of the appeal in this case. Specifically, we inquired of the parties whether plaintiff's request for noneconomic damages was a "claim for relief" for purposes of ORCP 67 B and, if not, whether they could identify any legal authority that specifically authorized the trial court to enter a limited judgment on plaintiff's request for noneconomic damages.

The parties did not identify any legal authority that authorizes the trial court to enter a limited judgment on a request for noneconomic damages, nor does any such authority exist. ORS 31.715, discussed below, was the only authority that the parties identified as a possible source for the proposition that the limited judgment that dismissed plaintiffs' claim for noneconomic damages disposed of a claim for relief under ORCP 67 B. Thus, ORS 18.005(13)(d) does not apply to this case, and the question before us is whether plaintiff's request for noneconomic damages is a "claim for relief" under ORCP 67 B.

ORCP 67 B. Thus, where an action does not involve multiple parties, in order to enter a limited judgment under ORCP 67 B, the action must involve more than one claim for relief.

Whether the limited judgment in this case is an appealable judgment boils down to whether plaintiff's request for noneconomic damages was a "claim for relief." The statute at the heart of this appeal, ORS 31.715, speaks of such a request as a "claim for noneconomic damages." Specifically, that statute provides, in part:

"(1)  Except as provided in this section, a plaintiff may not recover noneconomic damages, as defined in ORS 31.710, in any action for injury or death arising out of the operation of a motor vehicle if the plaintiff was in violation of ORS 806.010 or 813.010 at the time the act or omission causing the death or injury occurred. A *claim for noneconomic damages* shall not be considered by the jury if the jury determines that the limitation on liability established by this section applies to the *claim for noneconomic damages*.

"* * * * *

"(3)  The court shall abate a civil action upon the motion of any defendant in the civil action against whom a plaintiff has asserted a *claim for noneconomic damages* if the defendant alleges that the *claim* of the plaintiff is subject to the limitation on liability established by this section and:

"(a)  A criminal proceeding for a violation of ORS 813.010 has been commenced against the plaintiff in the civil action at the time the motion is made; or

"(b)  The district attorney for the county in which the conduct occurred informs the court at the time the motion is made that criminal proceedings for a violation of ORS 813.010 will be commenced against the plaintiff in the civil action."

ORS 31.715 (emphasis added). Thus, there is some support for the argument that the legislature understood a request for noneconomic damages to be a "claim" and, hence, that a claim for noneconomic damages could be a claim for relief. However, the term "claim for relief" in ORCP 67 B, as interpreted by the Oregon Supreme Court, this court, and the United States Supreme Court, has a narrower meaning.

The text of ORCP 67 B was lifted straight out of Federal Rule of Civil Procedure (FRCP) 54(b). Though the Oregon rule has been amended over the years, the relevant portion—the requirement that an action present more than one claim for relief—has not been modified and still tracks the federal language. In *State ex rel Zidell v. Jones*, 301 Or 79, 89, 720 P2d 350 (1986), the court held "that when ORCP 67 B was adopted [in 1981] it was intended that the Oregon courts should follow the existing federal case law in interpreting the rule."

For purposes of this case, the most important preexisting federal case on FRCP 54(b) is *Liberty Mutual Ins. Co. v. Wetzel*, 424 US 737, 95 S Ct 1202, 47 L Ed 2d 435 (1976). In that case, the United States Supreme Court held that "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Id*. at 743 n 4. The underlying claim in *Liberty Mutual Ins. Co.* alleged that the defendant's employment policies violated Title VII of the Civil Rights Act. The plaintiffs requested several different types of relief, but "advanced a single legal theory." *Id*. at 743. The trial court had ruled in the plaintiffs' favor on the issue of liability but, at most, had ordered only declaratory relief. It did not issue an injunction or award damages. The Supreme Court held that, because the purported judgment left unresolved the issues of an injunction, damages, and attorney fees, it was not final and, hence, not appealable.

This case mirrors *Liberty Mutual Ins. Co.* Here, plaintiff asserts only one legal theory—negligence. The legal right that plaintiff seeks to enforce is that of a personal representative to recover from an alleged wrongdoer on behalf of a decedent. Plaintiff requests multiple forms of relief, but those requests, in and of themselves, do not present separate claims for relief.

We reached a similar conclusion in *Beaty v. Grady, Harper & Carlson, Inc.*, 126 Or App 388, 868 P2d 778 (1994). In that case, the plaintiff brought a negligence claim and pleaded two alternative sources of a standard of care. We held that a partial judgment that the trial court had entered

had not fully adjudicated the plaintiff's single claim for negligence because it merely resolved whether a particular statute established the standard of care.

■    Our conclusion that the limited judgment in this case is not appealable is further bolstered by the policies underlying the generally applicable requirement that appeals be taken only from final judgments. As the Oregon Supreme Court has explained,

> "ORCP 67 B was adopted in response to Oregon's liberalized joinder statutes which allow the liberal joinder of parties and claims. The purpose of the rule is to make an immediate appeal available on a distinctly separate claim or as to fewer than all the parties, when it is necessary to avoid injustice. *The rule is not intended to abandon the long-standing policy against piecemeal appeals.*"

*May v. Josephine Memorial Hospital*, 297 Or 525, 530-31, 686 P2d 1015 (1984) (emphasis added). The reluctance to allow piecemeal appeals stems, in part, from a desire to avoid rendering unnecessary or academic opinions. *Shea v. Chicago Pneumatic Tool Co.*, 164 Or App 198, 204, 990 P2d 912 (1999), *rev den*, 330 Or 252 (2000); *Springer v. Gollyhorn*, 146 Or App 389, 394 n 4, 934 P2d 501 (1997) ("[T]he purpose of prohibiting interlocutory appeals * * * is to conserve appellate court time by barring decisions that may become unnecessary because of further action of the court that is required to dispose of the case.").

If we were to hold that plaintiff's claim for noneconomic damages were a "claim for relief" for purposes of ORCP 67 B, then the decision that we would render on appeal on whether plaintiff can recover noneconomic damages could ultimately become academic. The issue of defendant's liability in this case is still a live issue. If a jury were to return a verdict for defendant on liability, then the issue whether plaintiff can recover noneconomic damages would become moot.

For those reasons, we dismiss plaintiff's appeal for lack of jurisdiction.

Appeal dismissed; remanded with instructions to vacate judgment.