412 January 8, 2025 No. 36

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Kimberlee JEFFERS,
as Guardian Ad Litem for minor child Blake Jeffers,
*Plaintiff-Appellant,*

*v.*

COUNTRY PREFERRED INSURANCE COMPANY,
aka Country Financial,
*Defendant-Respondent.*

Douglas County Circuit Court
21CV48830; A181770

Kathleen E. Johnson, Judge.

Argued and submitted December 13, 2024.

George W. Kelly argued the cause and filed the briefs for appellant.

Casey S. Murdock argued the cause for respondent. Also on the brief was Frohnmayer, Deatherage, Jamieson, Moore, Armosino, & McGovern, PC.

Before Tookey, Presiding Judge, Kamins, Judge, and Nakamoto, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this civil case, plaintiff contests the trial court's entry of summary judgment in favor of defendant, an insurance company, after it concluded that a motorcycle was not covered by defendant's insurance policy because it was not a "motor vehicle" within the meaning of the policy. We affirm.

Plaintiff filed claims for Uninsured Motorist (UM) and Personal Injury Protection (PIP) benefits with defendant after plaintiff's friend crashed a "motorcycle" (also referred to as a minibike)[1] into plaintiff's son's leg, injuring him. That crash occurred on plaintiffs' property and not on a public road. Defendant denied both claims, concluding that the motorcycle was not a "motor vehicle" as defined by either policy provision. Plaintiff brought suit challenging those denials, arguing that the motorcycle is in fact a "motor vehicle," because it was physically capable of being driven on public highways. Each party moved for summary judgment; the trial court denied plaintiff's motion and granted defendant's motion, concluding that the motorcycle was not a motor vehicle within the meaning of the policy. Plaintiff challenges those rulings.

"We review the trial court's grant of summary judgment to determine whether there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." *Phillips v. State Farm Fire and Casualty Co.*, 302 Or App 500, 504-05, 461 P3d 1008 (2020). We review a trial court's interpretation of an insurance policy as a question of law. *Id.* at 504. And when "the material facts relevant to the question of coverage * * * are not in dispute, we review the trial court's determination for legal error." *Id.* at 505.

We begin with the question of coverage under the UM policy. As noted, the parties have stipulated that the vehicle is a "motorcycle" within the meaning of ORS 801.365. But they have not stipulated that it is a motor vehicle within the scope of UM coverage under the policy. The UM policy provision provides:

---

[1] We refer to the vehicle as a motorcycle throughout the opinion because the parties stipulated for purposes of summary judgment that the minibike met the definition of a motorcycle in ORS 801.365.

"Motor vehicle * * * means every device in, upon or by which any person or property is or *may* be transported or drawn upon a public highway, but does not include devices moved by human power or used exclusively upon stationary rails or tracks." (Emphasis added).

Plaintiff contends that the word "may" in the policy provision means that any vehicle that "can" physically (as opposed to legally) be driven on public highways falls within the definition of motor vehicle. Relatedly, plaintiff argues that the policy is ambiguous because "may" "has more than one meaning." We disagree as to both arguments. The UM policy provision and ORS 742.500(3)(a), which provides definitions for uninsured motorist coverage, are identical. As such, plaintiff's argument presents a question of statutory construction: "[B]ecause the challenged policy provision bears a clear relationship to a statutory provision, the distinction between the statutory provision and the coverage arising therefrom is inconsequential." *Cantu v. Progressive Classic Ins. Co.*, 325 Or App 184, 193, 528 P3d 1187, *rev den*, 371 Or 333 (2023).

Like the policy provision, ORS 742.500(3)(a) defines "motor vehicle" as "every self-propelled device in, upon or by which any person or property is or may be transported or drawn upon a public highway." When the legislature does not define a term—in this case, "may"—we "employ the *PGE/ Gaines* methodology to determine the legislature's intent." *LandWatch Lane County v. Lane County*, 336 Or App 534, 535, ___P3d___ (2024). "[W]e give primary weight to the text and context of the disputed terms." *Kinzua Resources v. DEQ*, 366 Or 674, 681, 468 P3d 410 (2020). And "we generally assume that the legislature intended to use the term in a manner consistent with its plain, natural, and ordinary meaning, and we often consult dictionaries for guidance in determining what the legislature would have understood a term to mean." *Id.* (internal quotation marks omitted).

"May" is defined as to "have permission to * * *: have liberty to" do something. *Webster's Third New Int'l Dictionary* 1396 (unabridged ed 2002). Adopting that definition in this case, a "motor vehicle" means "every self-propelled device in, upon or by which any person or property" is permitted or at

liberty to "be transported or drawn upon a public highway." That construction is consistent with how we have interpreted "may" in previous cases and is unambiguous because "may" refers to vehicles that are legally permitted to be on public highways.[2] *See, e.g.*, *Nibler v. Dept. of Transportation*, 338 Or 19, 26-27, 105 P3d 360 (2005) (adopting the dictionary definition of "may" and recognizing that "'may' ordinarily denotes permission or the authority to do something"); *see also* Office of Legislative Counsel, *Bill Drafting Manual* § 4.3 (19th ed 2024) (generally suggesting that "may" is preferred rather than "lawful to" or "authorized to").

Guided by the legislature's use of the term "may," we need not decide the precise contours of what constitutes a "motor vehicle" under ORS 742.500(3)(a) because in this case, the uncontroverted evidence establishes that the motorcycle that injured plaintiff's son's leg was not permitted to be driven on public highways for three reasons. First, the motorcycle is not eligible to be registered and does not fall within the exemptions for unregistered vehicles that would still be permitted on public roadways. *See, e.g.*, ORS 801.041(3)(a)-(m). Second, it lacks any operational equipment—headlights, brake lights, directional signals—necessary to be permitted on a public highway. *See* ORS 816.320 (identifying equipment for motor vehicles). Lastly, the operating manual of the motorcycle cautions riders to "Never Operate this Mini Bike * * * on public roads." Therefore, the trial court did not err in concluding that the motorcycle was not covered by the UM policy.[3]

Next, we consider whether the trial court erred when it concluded that the motorcycle was not a "motor vehicle" under the PIP policy. If it is a "motor vehicle" then plaintiff may be eligible for PIP benefits; if it is not a "motor vehicle," he is ineligible for such benefits.

---

[2] The parties did not provide a fulsome statutory construction; therefore, as ORS 174.020(3) permits, we "limit our consideration of legislative history to the information provided that the parties provide[d] to" us.

[3] This case is distinguishable from *Cantu v. Progressive Classic Insurance Co.*, 325 Or App 184, 528 P3d 1187 (2023), in which we held that a "motorcycle" is a "vehicle," as defined in ORS 742.504(2)(m). Although the parties here have stipulated that defendant's minibike meets the definition of "motorcycle" under ORS 801.365, this particular motorcycle is not a "vehicle" under ORS 742.504(2)(m), for the reasons explained in the opinion.

The PIP policy in this case provides a definition of "motor vehicle" and consequently we look to that definition. *Coelsch v. State Farm Fire and Casualty Co.*, 298 Or App 207, 211, 445 P3d 899 (2019) (In circumstances where "an insurance policy explicitly defines the disputed term, then we apply that definition."). Under the policy, "motor vehicle" is defined, in relevant part, as:

"[A] self-propelled land motor vehicle or trailer other than:

(a) a farm type tractor or other self-propelled equipment designed for use principally off public roads, while not on public roads[.]"

The motorcycle falls squarely within the above quoted exception to the definition of "motor vehicle," because the motorcycle is "designed for use principally off public roads." The warning label on the bike emphasizes: "THIS VEHICLE IS AN OFF-ROAD VEHICLE AND IS NOT INTENDED FOR USE ON PUBLIC ROADS/HIGHWAYS." The warning label also cautions riders to "Never Operate this Mini Bike: * * * on public roads" and to "avoid paved surfaces" because such surfaces "can adversely affect handling and control" of the motorcycle.

Plaintiff contends that the PIP policy exception only refers to agricultural vehicles, because "farm type" modifies both "tractor" and "other self-propelled equipment." However, "farm type" does not modify "other self-propelled equipment;" rather, self-propelled equipment is a separate category of vehicle. *State Farm Mut. Auto. Ins. Co. v. Beck*, 84 Or App 509, 513 734 P2d 398 (1987). Therefore, the motorcycle is not a "motor vehicle" under the PIP policy, and the trial court did not err in so concluding.

Affirmed.